

MANDATE

N.Y.S.D. Case #
13-cv-3241(JMF)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fifteen.

PRESENT:    PIERRE N. LEVAL,
            ROBERT D. SACK,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*
-----------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 24, 2015

AAR ALLEN SERVICES INC.,

                    *Plaintiff-Appellant,*

            v.                                    No. 14-1877-cv

FEIL 747 ZECKENDORF BLVD LLC,

                    *Defendant-Appellee.*
-----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:            WILLIAM L. SCHALLER, Baker & McKenzie LLP, Chicago, IL (Michael A. Pollard, John M. Murphy, Peter P. Tomczak, Baker & McKenzie LLP, Chicago, IL; John A. Basinger, Baker & McKenzie LLP, New York, NY, *on the brief*).

1

FOR DEFENDANT-APPELLEE:         DAVID J. NATHAN (Steven I. Levin, Michael J. Firestone, *on the brief*), Levin & Glasser, P.C., New York, NY.

Appeal from a May 7, 2014 judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant AAR Allen Services, Inc. ("Appellant") and non-party iStar Garden City LLC entered into a sale and leaseback transaction involving certain commercial real estate property in New York (the "Property"). iStar subsequently sold the Property and assigned the lease to Defendant-Appellee Feil 747 Zeckendorf Blvd LLC ("Appellee"). In 2012, Appellant's ultimate parent company arranged for a financial and professional services firm, Jones Lang LaSalle, Inc. ("LaSalle"), to offer to purchase the Property and thereby trigger a right of first refusal that Appellant held under section 30 of the lease. Appellant now seeks specific performance of its right of first refusal.

Appellant moved the district court for summary judgment on its claim. Though Appellee did not cross-move, the district court issued an opinion and order denying Appellant's motion and granting summary judgment in favor of Appellee. *See AAR Allen Servs. Inc. v. Feil 747 Zeckendorf Blvd LLC*, No. 13 CIV. 3241 (JMF), 2014 WL 1807098 (S.D.N.Y. May 6, 2014). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment. *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79 (2d Cir. 2009). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The reviewing court "must construe the facts in the light most favorable to" the party against whom summary judgment was granted and "must resolve all ambiguities and draw all reasonable inferences" in favor of that party. *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation mark and citation omitted). "We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

We conclude that Appellant's right of first refusal was not triggered because LaSalle's letter to Appellee did not constitute an offer. "Under New York law, an offer is

2

an act on the part of one person whereby he gives to another the legal power of creating the obligation called contract." *Farago Adver., Inc. v. Hollinger Int'l, Inc.*, 157 F. Supp. 2d 252, 258 (S.D.N.Y. 2001) (internal quotation marks, alteration, and citation omitted); *see also Garner's Dictionary of Legal Usage* 629 (3d ed. 2011) ("An *offer* is an expression of willingness to be bound by contract to the person to whom the offer is made . . . ." (citation omitted)).

Here, LaSalle's letter provided that the purported offer was (1) "not binding on either party until made part of a mutually executed PSA," (2) "not intended to constitute an agreement to execute the PSA or any purchase and sale agreement (or other agreement) in the future," and (3) "not intended to constitute the agreement of the owner(s) to negotiate a sale of the Properties to Purchaser, or for the Purchaser to negotiate a purchase of the Properties from the owner(s)."  J.A. at 228.  Appellee's acceptance of the purported offer would have created neither a final purchase contract nor a preliminary contract requiring future negotiations.  It was, at best, an invitation to commence negotiations, and such an invitation does not constitute an offer.  *See generally Chiapparelli v. Baker, Kellogg & Co.*, 169 N.E. 274, 275 (N.Y. 1929) ("Frequently negotiations for a contract are begun between parties by general expressions of willingness to enter into a bargain upon stated terms and yet the natural construction of the words and conduct of the parties is rather that they are inviting offers, or suggesting the terms of a possible future bargain than making positive offers." (internal quotation marks and citation omitted)).

Because there was no offer, Appellant's right of first refusal was never triggered, and its claim for specific performance fails as a matter of law.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3